

21st Floor
1251 Avenue of the Americas
New York, NY  10020-1104

**Laura Sack**
212-603-6450 tel
212-379-5224 fax

laurasack@dwt.com

January 12, 2016

<u>**VIA ECF**</u>

Hon. Naomi Reice Buchwald, U.S.D.J.
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

      Re:    Lombardi v. CBS Broadcasting Inc., *et al*.
              Case No. 15-cv-2516

Dear Judge Buchwald:

      As counsel to Defendants, we write in response to plaintiff Kenneth Lombardi's ("Plaintiff") counsel's letter filed on January 8, 2016.

      At the outset, we must correct a misstatement of fact contained in Plaintiff's January 8 letter. This statement in Plaintiff's letter is inaccurate: "to date, defendants have failed to respond at all to Plaintiff's discovery demands." In fact, Plaintiff attached to his January 8 letter Defendants' responses and objections to Plaintiff's discovery requests (which Defendants served on November 24, 2015). Thereafter, by letter dated December 17, 2015, Defendants responded substantively to the concerns Plaintiff raised regarding Defendants' discovery responses. In that letter, we proposed to resolve certain of these issues by way of collaboration and negotiation between counsel, but Plaintiff never responded to our letter or our proposals.

      In his January 8 letter, Plaintiff takes issue with the objections Defendants lodged regarding the overbreadth and lack of proportionality of Plaintiff's discovery requests. But a cursory review of his requests reveals that they far exceed the permissible scope of Fed. R. Civ. P. Rule 26(b)(1). For example, Plaintiff's Document Request No. 3 seeks "copies of any and all emails and text messages exchanged between Plaintiff and Defendants." Although Defendants have communicated a willingness to produce emails and text messages (to the extent any exist) between Plaintiff and individual defendants Colley and Tollison, Plaintiff has demanded *all* emails between himself and CBS Interactive Inc. (his employer of *more than six years*) and all emails between Plaintiff and Cohen (his supervisor of more than one year), totaling many thousands of emails whose relevance to the case is speculative at best. Accordingly, in our December 17 letter, we invited Plaintiff to propose a list of reasonable search terms, date

DWT 28705890v2 0012079-000232

Anchorage   New York        Seattle
Bellevue    Portland        Shanghai
Los Angeles San Francisco   Washington, D.C.

www.dwt.com

Hon. Naomi Reice Buchwald, U.S.D.J.
January 12, 2016
Page 2

limitations, and custodians to be used to appropriately narrow the scope of production in response to this request. This is one of our proposals to which Plaintiff has failed to respond.

Plaintiff's position regarding the appropriateness of a reasonable confidentiality stipulation in this case is also unavailing. Many of the documents that Plaintiff has requested (and that Defendants are prepared to produce) are confidential. For example, in order to conduct investigations into Plaintiff's internal complaint and subsequent EEOC Charge, Defendants spoke to other employees as part of a confidential internal investigation. Likewise, personnel files of the individual defendants are, by their nature, confidential. At a minimum, those documents must be classified as confidential and shielded from public dissemination or use for purposes unrelated to this litigation. Defendants are especially sensitive to the need to appropriately protect confidential documents because both Plaintiff and Plaintiff's counsel have already spoken to the press regarding this case, including by making disparaging comments about Defendants. More importantly, in our December 17 letter to Plaintiff, we invited Plaintiff to propose whatever revisions he wished to make to the draft confidentiality stipulation we enclosed with our discovery responses. Here again, Plaintiff has declined to respond to the reasonable path forward we proposed.

We will not revisit in this letter our concerns with Plaintiff's refusal to produce social media, or his failure to identify the address of Melissa Stellmach or Richard Lombardi (both of whom Plaintiff identified in response to our interrogatories, without any address), except to say that Plaintiff's January 8 letter misstates what we have requested in discovery in terms of social media, and why we are entitled to it. We look forward to briefing these issues in our anticipated motion to compel.

Defendants respectfully renew their request for a pre-motion conference in connection with their anticipated motion to compel, or alternatively, we request that the Court set a briefing schedule with regard to same.

Very truly yours,

*Laura Sack*

Laura Sack